1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLENN-MICHAEL KUDER,

11           Plaintiff,                    No. 2:10-cv-00404 MCE KJN PS

12      v.

13   TAMMY HAAS, in her official and
     private capacity, MINTON HOME
14   TOWN PROPERTIES, INC.,
     JP MORGAN CHASE, NATIONAL
15   ASSOCIATION, CALIFORNIA
     RECONVEYANCE COMPANY
16   and RANDALL NAIMAN,
                                           ORDER and FINDINGS AND
17           Defendants.                   RECOMMENDATIONS
     _____/

18

19           Presently before the court is a motion to dismiss filed by defendants JP Morgan

20   Chase, N.A. ("JP Morgan") and California Reconveyance Company (collectively "Moving

21   Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6), which seeks to dismiss

22   plaintiff's claims on the grounds that: (1) plaintiff's claims are barred by the doctrine of claim

23   preclusion, which is sometimes referred to as res judicata; (2) plaintiff's claims are barred by the

24   doctrine of issue preclusion, which is sometimes referred to as collateral estoppel; and

25   (3) plaintiff's complaint otherwise fails to state a claim on which relief can be granted.  (Dkt.

26

No. 10.)  Plaintiff is proceeding without counsel.[1]  This matter was submitted on the briefs and record without oral argument.  (Dkt. No. 21.)

The undersigned has fully considered the parties' briefs and the record in this case and, for the reasons stated below, recommends that the Moving Defendant's motion to dismiss be granted and that the claims against the Moving Defendants be dismissed with prejudice.  In short, plaintiff's claims are barred by the doctrine of claim preclusion as a result of the court's resolution of plaintiff's prior lawsuit, Kuder v. Washington Mutual Bank and California Reconveyance Company, No. 2:08-cv-03087 LKK DAD PS ("Kuder I"), which was summarily affirmed by the United States Court of Appeals for the Ninth Circuit.  Kuder v. Washington Mutual Bank, et al., No. 09-17346 (9th Cir. Apr. 13, 2010) (unpublished order).  Because the record supports the conclusion that plaintiff may not litigate claims that he could have brought in Kuder I, the undersigned does not reach the Moving Defendants' arguments premised on the doctrine of issue preclusion.  However, the undersigned also addresses alternative, non-preclusion grounds that support the dismissal of plaintiff's claims.

I.       BACKGROUND

A.       The Earlier Action: Kuder I

On November 13, 2008, plaintiff filed a complaint in Siskiyou County Superior Court entitled "Action to Quiet Title to Private Allodial Property."[2]  (Ex. 5 to Request for Judicial Notice ("RFJN"), Dkt. No. 11.)[3]  That quiet title action, which challenged the Kuder I

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2]  The term "allodial" refers to property "[h]eld in absolute ownership."  Black's Law Dictionary at 76 (7th ed. 1999).  An "allodium" is defined as "[a]n estate held in fee simple absolute."  (Id.)

[3]  The Moving Defendants request that the court take judicial notice of several documents including: (1) plaintiff's complaint in Kuder I, (2) Findings and Recommendations recommending the dismissal of plaintiff's claims with prejudice in Kuder I, (3) the district judge's order adopting the Findings and Recommendations in Kuder I, (4) plaintiff's notice of

2

1    defendants' ability to foreclose on plaintiff's property on numerous grounds, was removed to this

2    federal court.  On September 1, 2009, United States Magistrate Judge Dale Drozd entered

3    findings and recommendations that recommended the dismissal of plaintiff's complaint in <u>Kuder</u>

4    <u>I</u> with prejudice.  (Findings & Recommendations, Sept. 1, 2009, Ex. 7 to RFJN.)

5            On September 20, 2009, the district judge presiding over <u>Kuder I</u> adopted

6    Magistrate Judge Drozd's Findings and Recommendations "in full" and dismissed plaintiff's

7    case with prejudice.  (Order, Sept. 30, 2009, Ex. 8 to RFJN.)  The court entered judgment on

8    September 30, 2009.  (Judgement In A Civil Case, Ex. 8 to RFJN.)  Plaintiff appealed the district

9    court's order and judgment.  (Notice of Appeal, Ex. 9 to RFJN.)

10           In an unpublished order, the Ninth Circuit Court of Appeals summarily affirmed

11   the district court's decision in <u>Kuder I</u>.  (Order, Apr. 13, 2010, Ex. 10 to RFJN.)  In summarily

12   affirming the district court, the Court of Appeals stated that "the questions raised in this appeal

13   are so insubstantial as not to require further argument."  (<u>Id</u>.)

14       B.     <u>The Present Action: Kuder II</u>

15           On September 8, 2010, while the Findings and Recommendations in <u>Kuder I</u> were

16   still pending before the district judge in the United States District Court for the Eastern District

17   of California, plaintiff filed the instant action, <u>Kuder II</u>, in the United States District Court for the

18   District of Columbia ("D.C. District Court").  (Dkt. No. 1.)  Plaintiff's verified complaint in

19   <u>Kuder II</u> alleges claims against JP Morgan, California Reconveyance Company, Tammy Haas,

20

21   appeal from the district court's decision in <u>Kuder I</u>, and (5) the order of the Ninth Circuit Court
     of Appeals summarily affirming the district court's decision in <u>Kuder I</u>.  (<u>See</u> Req. for Judicial

22   Notice, Dkt. No. 11.)  In ruling on a motion to dismiss pursuant to Rule 12(b), the court may
     consider judicially noticeable court records to determine the preclusive effect of prior decisions.

23   <u>See</u> <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006);
     <u>Manufactured Home Communities Inc. v. City of San Jose</u>, 420 F.3d 1022, 1037 (9th Cir. 2005)

24   (citing <u>Holder v. Holder</u>, 305 F.3d 854, 866 (9th Cir. 2002)); <u>Shaw v. Hahn</u>, 56 F.3d 1128, 1129
     n.1 (9th Cir. 1995), <u>cert. denied</u> 516 U.S. 964 (1995); <u>Padilla v. Yoo</u>, 633 F. Supp. 2d 1005, 1021

25   (N.D. Cal. 2009).  The undersigned grants the Moving Defendants' request for judicial notice
     with respect to the above-referenced court records.

26

Randall Naiman, and Minton Home Town Properties, Inc. ("Minton").[4]  Plaintiff's complaint alleges that defendants violated his due process rights by foreclosing on his property, and also alleges claims for injunctive and declaratory relief.

The United States District Court for the District of Columbia ultimately transferred Kuder II to this court because of concerns regarding proper venue.  (Dkt. No. 7.)  Following the transfer to this court, the Moving Defendants filed the pending motion to dismiss.  Although plaintiff initially failed to file an opposition or statement of non-opposition with respect to the pending motion, he eventually filed a written opposition after the court entered an order to show cause.  (See Dkt. Nos. 16-19.)  The Moving Defendants filed a reply brief.  (Dkt. No. 20.)

II.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

---

[4]  The court's docket indicates that defendant Naiman has not yet appeared in this action.  Although plaintiff previously filed an unsigned document entitled "Notice of Proofs of Service," which appends several ambiguous certificates of service, plaintiff has taken no action to clarify whether defendants Naiman, Haas, or Minton were ever properly served.  Defendants Haas and Minton have appeared through their counsel and filed a status report on July 7, 2010, which asserts that neither defendant has been served with the complaint or summons, but that both defendants were served with the Moving Defendants' motion to dismiss.  (Dkt. No. 13.)  However, none of these defendants has joined in the Moving Defendants' motion.  Accordingly, the undersigned only addresses the pending motion with regard to the Moving Defendants.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  As noted above, the court may consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment.  See, e.g., Shaw, 56 F.3d at 1129 n.1.

III.    DISCUSSION

A.    Whether Plaintiff's Claims Are Barred By the Doctrine of Claim Preclusion

The Moving Defendants' first argument is that plaintiff's claims are barred by the doctrine of claim preclusion as a result of this court's decision in Kuder I, which was summarily affirmed on appeal.  The undersigned agrees and will recommend dismissal of plaintiff's claims

1    with prejudice insofar as the Moving Defendants are concerned.

2         As the Supreme Court recently stated, "[u]nder the doctrine of claim preclusion, a

3    final judgment forecloses 'successive litigation of the very same claim, whether or not

4    relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S.

5    880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  Stated

6    differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on

7    claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v.

8    Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation

9    Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly

10   articulated claims based on the same nucleus of facts may still be subject to a res judicata finding

11   if the claims could have been brought in the earlier action."); Stewart v. U.S. Bancorp, 297 F.3d

12   953, 956 (9th Cir. 2002).  The party seeking to apply claim preclusion bears the burden of

13   demonstrating that "there is (1) an identity of claims; (2) a final judgment on the merits; and (3)

14   identity or privity between the parties." Cell Therapeutics, Inc., 586 F.3d at 1212 (citation and

15   quotation marks omitted); accord Stewart, 297 F.3d at 956; see also Taylor, 553 U.S. at 907

16   (stating that because claim preclusion is an affirmative defense, the party asserting the doctrine

17   bears the burden of establishing all necessary elements).

18              1.    Identity of Claims

19         The undersigned concludes that there is an identity of claims between Kuder I and

20   the present action.  The court examines "four factors to determine whether there is an 'identity of

21   claims': . . . (1) whether the two suits arise out of the same transactional nucleus of facts;

22   (2) whether rights or interests established in the prior judgment would be destroyed or impaired

23   by prosecution of the second action; (3) whether the two suits involve infringement of the same

24   right; and (4) whether substantially the same evidence is presented in the two actions."

25   ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (emphasis

26

omitted).  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Id. (citations, quotation marks, and emphasis omitted).  "Reliance on the transactional nucleus element is especially appropriate because the element is 'outcome determinative.'" Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)); see also Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993) (collecting cases using the same nucleus of operative facts as the exclusive factor to bar a second action under the claim preclusion doctrine).

Here, the two lawsuits arise from the same transactional nucleus of facts.  The claims and factual allegations at issue in Kuder I and those alleged here all relate to the defendants' right or ability to foreclose on plaintiff's property.  Plaintiff repeats in this action several of the theories regarding why he believes that defendants lack "standing" to foreclose and sell the property at issue.  Although the claims alleged here are repackaged as claim of a violation of plaintiff's due process rights, the claims in both actions are premised on the same transaction of operative facts such that the two matters could be conveniently tried together.  Because Kuder I and Kuder II convincingly arise out of the same transactional nucleus, which is outcome determinative in this matter, the undersigned will not address the remaining three factors that relate to the identity of claims.

## 2.   Final Judgment on the Merits

As to the second claim preclusion element, the order in Kuder I, which dismissed plaintiff's complaint for failure to state a cognizable claim, constitutes a "final judgment on the merits."  The Ninth Circuit Court of Appeals has held that a dismissal with prejudice entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. Stewart, 297 F.3d at 957 (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981));

1    see also Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir.

2    2005); Gasho v. United States, 39 F.3d 1420, 1438 n.17 (9th Cir. 1994).  Here, the district court

3    dismissed Kuder I with prejudice after addressing the merits of plaintiff's claims and,

4    accordingly, this second factor supports dismissal on claim preclusion grounds.

5                          3.    Identity or Privity Between the Parties

6               Regarding the last element of the claim preclusion doctrine, the undersigned

7    concludes that the parties in Kuder I and this action are either identical or that privity between

8    parties in both actions exists.  Generally stated, "'[p]rivity' . . . is a legal conclusion designating a

9    person so identified in interest with a party to former litigation that he represents precisely the

10   same right in respect to the subject matter involved."  Headwaters Inc. v. U.S. Forest Serv., 399

11   F.3d 1047, 1052-53 (9th Cir. 2005) (citation and quotation marks omitted, second modification

12   in original).  The Ninth Circuit Court of Appeals has stated that "[p]rivity, traditionally, arose

13   from a limited number of legal relationships in which two parties have identical or transferred

14   rights with respect to a particular legal interest."  Id. at 1053.

15              Here, there is no doubt that plaintiff was also the plaintiff in Kuder I.

16   Additionally, California Reconveyance Company, which plaintiff has named as a defendant here,

17   was also a named defendant in Kuder I.  Finally, defendant JP Morgan is a defendant named in

18   the present action who is in privity with Washington Mutual Bank, an entity that plaintiff named

19   as a defendant in Kuder I.  The Moving Defendants have submitted judicially noticeable

20   documents substantiating that JP Morgan acquired certain assets and liabilities of Washington

21   Mutual Bank from the Federal Deposit Insurance Company, acting as receiver of Washington

22   Mutual Bank, including all of Washington Mutual Bank's mortgage servicing rights and

23   obligations, which would encompass the loans at issue here.  (Ex. 4 to RFJN.)  Accordingly,

24   there is an identity of parties or privity among parties that satisfies the final element of the claim

25   preclusion doctrine.

26

1    Based on the foregoing, the undersigned concludes that the doctrine of claim

2  preclusion applies to plaintiff's present lawsuit.  Accordingly, this action should be dismissed

3  with prejudice.

4        B.    Whether Plaintiff Has Failed to State Claims On Which Relief May Be Granted

5        Should there be any doubt that plaintiff's claims should be dismissed with

6  prejudice as barred on claim preclusion grounds, the undersigned recommends that, in the

7  alternative, plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)

8  because plaintiff has failed to state claims on which relief can be granted.  Each of plaintiff's

9  three claims for relief will be addressed below.

10        1.    Plaintiff's Due Process Claim

11        Plaintiff's first claim is that defendants, including the Moving Defendants,

12  violated his due process rights secured by the Fifth and Fourteenth Amendments of the United

13  States Constitution.  In essence, plaintiff contends that defendants violated his due process rights

14  by foreclosing on, and ultimately selling at a trustee's sale, plaintiff's property through use of

15  California's non-judicial foreclosure process.  The undersigned recommends the dismissal of this

16  claim with prejudice because plaintiff cannot establish a due process violation whether under a

17  Fifth Amendment or Fourteenth Amendment theory.

18        Plaintiff's allegations of violations of his Fourteenth Amendment due process

19  rights as a result of the non-judicial foreclosure and sale of his property necessarily allege a

20  violation 42 U.S.C. § 1983.  "Section 1983 imposes civil liability upon an individual who under

21  color of state law subjects or causes, any citizen of the United States to the deprivation of any

22  rights, privileges or immunities secured by the Constitution and laws."  Franklin v. Fox, 312 F.3d

23  423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  "To state a claim under § 1983, a plaintiff

24  must allege two essential elements: (1) that a right secured by the Constitution or laws of the

25  United States was violated, and (2) that the alleged violation was committed by a person acting

26

9

1  under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2  2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Nurre v. Whitehead, 580 F.3d

3  1087, 1092 (9th Cir. 2009), cert. denied, 130 S. Ct. 1937 (2010).  Section 1983 "shields citizens

4  from unlawful government actions, but does not affect conduct by private entities."  Apao v.

5  Bank of N.Y., 324 F.3d 1091, 1093 (9th Cir. 2003), cert. denied, 540 U.S. 948 (2003).

6          Plaintiff alleges that the Moving Defendants, which are private entities, violated

7  his Fourteenth Amendment due process rights by proceeding with a non-judicial foreclosure sale

8  on his property.  The Ninth Circuit Court of Appeals has held that a private entity's use of a

9  state's non-judicial foreclosure procedures does not constitute state action sufficient to support a

10  claim of a violation of Fourteenth Amendment due process rights under Section 1983.  See Apao,

11  324 F.3d at 1095 (holding that private entities' foreclosure and sale of plaintiff's property

12  through use of Hawaii's non-judicial foreclosure sale did not involve state action sufficient to

13  support a claimed violation of Fourteenth Amendment due process rights); accord Charmicor v.

14  Deaner, 572 F.2d 694, 696 (9th Cir. 1978) (holding that Nevada's non-judicial foreclosure

15  statutes do not implicate state action); see also Nieves v. World Savings Bank, FSB, 357 Fed.

16  Appx. 843, 844 (9th Cir. Dec. 8, 2009) (holding that the defendant bank did not violate plaintiff's

17  due process rights by proceeding with a non-judicial foreclosure sale of his property), cert.

18  denied, 130 S. Ct. 3369 (2010).  Albeit in unpublished decisions, district courts in California

19  have concluded that a private entity's use of California's non-judicial foreclosure sale procedures

20  does not involve state action sufficient to effectuate a violation of a defaulting homeowner's

21  Fourteenth Amendment due process rights.[5]  See Hoffman v. Indymac Bank FSB, No. C-10-0802

22  MMC, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31, 2010) (unpublished) (stating that "plaintiff

23

24          [5]  Similarly, the California Supreme Court has held that "California's nonjudicial
foreclosure procedure does not constitute state action and is therefore immune from the
25  procedural due process requirements of the federal Constitution."  Garfinkle v. Superior Court,
21 Cal. 3d 268, 281, 578 P.2d 925, 934 (1978).
26

1   cannot base a § 1983 claim on her allegations that some of the defendants were involved, in

2   various ways, with either a nonjudicial foreclosure sale or a subsequently-filed unlawful detainer

3   action; such activities do not, as a matter of law, constitute state action"); Geist v. Cal.

4   Reconveyance Co., No. C 10-0367 CRB, 2010 WL 1999854, at *1 (N.D. Cal. May 18, 2010)

5   (unpublished) ("[I]t is well-settled law that non-judicial foreclosure proceedings do not involve

6   'state action,' even though such proceedings are regulated by state law."); Whittle v. Wells Fargo

7   Bank, N.A., No. CV F 10-0429 LJO GSA, 2010 WL 1444532, at *8 (E.D. Cal. Apr. 9, 2010)

8   (unpublished) ("A private remedy such as non-judicial foreclosure does not involve state action

9   to invoke a section 1983 claim."); Fant v. Residential Servs. Validated Publ., No. C 06 2206 SI,

10  2006 WL 1806157, at *4 (N.D. Cal. June 29, 2006) (unpublished) ("As with Hawaii's non-

11  judicial foreclosure scheme, California's system of non-judicial foreclosure fails to involve state

12  action.").   Accordingly, the undersigned will recommend that plaintiff's Fourteenth Amendment

13  due process claim be dismissed with prejudice.

14          To the extent that plaintiff's claim is that defendants' use of California's non-

15  judicial foreclosure process violated his Fifth Amendment due process rights, it also fails.  The

16  Fifth Amendment applies to the actions of the federal government, not private actors like the

17  Moving Defendants.  The Ninth Circuit Court of Appeals has plainly held that the Due Process

18  Clause of the Fifth Amendment applies "only to actions of the federal government."  Lee v. City

19  of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); see also Bingue v. Prunchak, 512 F.3d 1169,

20  1174 (9th Cir. 2008) (stating that "[t]he Fifth Amendment's due process clause only applies to

21  the federal government"); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The

22  Fifth Amendment prohibits the federal government from depriving persons of due process, while

23  the Fourteenth Amendment explicitly prohibits deprivations without due process by the several

24  States . . . .").  Plaintiff has not sufficiently alleged that the Moving Defendants are somehow

25  federal actors, and nothing in plaintiff's complaint remotely suggests that he could cure this fatal

26

1  flaw if given an opportunity to amend his pleading.  Accordingly, the undersigned also

2  recommends dismissal of plaintiff's due process claim to the extent that it is premised on a

3  violation of the Fifth Amendment.

4              2.       Plaintiff's Claim for a "Cease and Desist" Order

5              Plaintiff's second claim for relief seeks a "cease and desist" order, which the

6  undersigned construes as a claim for injunctive relief.  The undersigned recommends dismissal of

7  this claim with prejudice because injunctive relief is a remedy that derives from the underlying

8  claims, not an independent claim.  See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F.

9  Supp. 2d 1092, 1104 (E.D. Cal. 2010); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp.

10  2d 1039, 1049 (N.D. Cal. 2009); Schimsky v. U.S. Ofc. of Personnel Mgmt., 587 F. Supp. 2d

11  1161, 1168 (S.D. Cal. 2008); Cox Comm'n PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d

12  1272, 1283 (S.D. Cal. 2002).  As demonstrated above, plaintiff's claims lack merit and are

13  subject to dismissal with prejudice; hence no entitlement to injunctive relief exists.

14              3.       Plaintiff's Claim For Declaratory Relief

15              Finally, although plaintiff's complaint contains only two, separately identified

16  claims for relief, the caption of plaintiff's complaint and some allegations in the complaint

17  indicate that plaintiff also seeks declaratory relief.  (See Compl. ¶¶ 22, 38.)  The undersigned

18  recommends that plaintiff's claim for declaratory relief be dismissed with prejudice.  First,

19  declaratory judgment is a not a theory of recovery; it is a type of remedy.  See, e.g., Lane, 713 F.

20  Supp. 2d at 1104 ("Declaratory and injunctive relief are not independent claims, rather they are

21  forms of relief."); accord Hamilton v. Bank of Blue Valley, slip. copy, --- F. Supp. 2d ---, No. CV

22  F 10-1740 LJO SKO, 2010 WL 4222724, at *17 (E.D. Cal. Oct. 20, 2010).  Because, as

23  discussed above, plaintiff's substantive claims lack merit, his claim for injunctive relief fails.

24  Second, plaintiff's request for declaratory relief fails because it seeks to remedy past wrongs, not

25  to secure a declaration of future rights between the parties.  See, e.g., Amaral v. Wachovia

26

1  Mortgage Corp., 692 F. Supp. 2d 1226, 1236-36 (E.D. Cal. 2010); Ruiz v. Mortgage Elec.

2  Registration Sys., No. CIV. S-09-0780 FCD DAD, 2009 WL 2390824, at *5-6 (E.D. Cal. Aug. 3,

3  2009) (unpublished).  Plaintiff effectively seeks declaratory relief in order to unwind the

4  foreclosure sale that already occurred.  Accordingly, the declaratory relief claim should be

5  dismissed.

6  IV.      CONCLUSION

7           For the foregoing reasons, IT IS HEREBY ORDERED that defendants JP Morgan

8  Chase and California Reconveyance Company's request for judicial notice is granted in part.

9           IT IS FURTHER RECOMMENDED that:

10          1.       Defendants JP Morgan Chase, N.A. and California Reconveyance

11 Company's motion to dismiss (Dkt. Nos. 10, 15) be granted; and

12          2.       Defendants JP Morgan Chase, N.A. and California Reconveyance

13 Company be dismissed from this action with prejudice.

14          IT IS SO ORDERED AND RECOMMENDED.

15 DATED:  December 1, 2010

16

17

18

19                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26