IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN-MICHAEL KUDER,

      Plaintiff,        No. 2:10-cv-00404 MCE KJN PS

  v.

TAMMY HAAS, in her official and private capacity, et al.,

      Defendants.        ORDER
_____/

      Plaintiff filed this case on September 8, 2009, naming several defendants. Pursuant Federal Rule of Civil Procedure 4(m) and this court's Order Setting Status Conference, plaintiff was obligated to serve all defendants with process within 120 days of February 17, 2010. (See Order Setting Status Conference ¶ 1, Dkt. No. 9.)

      On February 1, 2011, the court granted the motion to dismiss filed by defendants JP Morgan Chase, N.A. and California Reconveyance Company and dismissed those defendants from this action with prejudice. (See Order, Feb. 1, 2011, Dkt. No. 23.)  The defendants that remain in this action are Tammy Haas, Randall Naiman, and Minton Hometown Properties, Inc. ("Minton").  However, the court's docket does not reflect with any certainty that plaintiff served

////

////

Haas, Naiman, or Minton with process in this case.[1]

As a result, the undersigned is inclined to recommend, on the court's own motion, that the claims against Haas, Naiman, and Minton be dismissed because the time to serve these defendants has expired. In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 120 days have passed since the complaint was filed in this court. Absent good cause shown by plaintiff, the court must dismiss plaintiff's claims against Haas, Naiman, and Minton pursuant to Rule 4(m). However, Rule 4(m) requires that the court provide notice to plaintiff prior to effectuating such a dismissal, and this order constitutes such notice.

Additionally, the court is inclined to recommend, on its own motion, the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, comply with the Federal Rules of Civil Procedure, and the court's Order Setting Status Conference. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal

---

[1] The court's docket reflects that Naiman has not appeared in this action. Although plaintiff previously filed an unsigned document entitled "Notice of Proofs of Service," which appends several ambiguous certificates of service, plaintiff has taken no action to clarify whether defendants Naiman, Haas, or Minton were ever properly served. On July 7, 2010, Haas and Minton appeared through counsel and filed a status report that asserts that neither defendant has been served with the complaint or summons. (See Status Report, Dkt. No. 13.)

of case for failure to prosecute when habeas petitioner failed to file a first amended petition); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).  The court previously warned plaintiff that such failures would result in a recommendation that his case be dismissed.  (See Order to Show Cause, Aug. 24, 2010, Dkt. No. 16.)

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, no later than March 14, 2011, why his claims against defendants Tammy Haas, Randall Naiman, and Minton Hometown Properties, Inc. should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

2. Failure to file the required writing within the time permitted shall constitute plaintiff's consent to the dismissal of his case with prejudice.

IT IS SO ORDERED.

DATED: March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE