1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLENN-MICHAEL KUDER,

11         Plaintiff,                    No. 2:10-cv-00404 MCE KJN PS

12      v.

13   TAMMY HAAS, in her official and
     private capacity, et al.,

14

15         Defendants.            FINDINGS AND RECOMMENDATIONS
     _____/

16         On March 7, 2011, the undersigned entered an order that required plaintiff to

17   show cause, on or before March 14, 2011, why his claims against the remaining defendants in

18   this action should not be dismissed pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

19   (See Order to Show Cause ("OSC"), Mar. 7, 2011, Dkt. No. 24.)  Plaintiff failed to file a

20   response to the OSC.  Accordingly, the undersigned recommends that plaintiff's claims against

21   defendants Tammy Haas, Randall Naiman, and Minton Hometown Properties, Inc. ("Minton") be

22   dismissed with prejudice and that this case be closed.

23   I.      BACKGROUND

24         Plaintiff filed this action on September 8, 2009, naming several defendants.

25   (Compl., Dkt. No. 1.)  Pursuant Federal Rule of Civil Procedure 4(m) and this court's Order

26   Setting Status Conference, plaintiff was obligated to serve all defendants with process within 120

1

1   days of February 17, 2010.[1]  (See Order Setting Status Conference ¶ 1, Dkt. No. 9.)

2            On February 1, 2011, the court granted a motion to dismiss filed by defendants JP

3   Morgan Chase, N.A. and California Reconveyance Company and dismissed those defendants

4   from this action with prejudice.  (See Order, Feb. 1, 2011, Dkt. No. 23.)  The defendants that

5   remain in this action are Tammy Haas, Randall Naiman, and Minton.  However, as noted in the

6   OSC, the court's docket does not reflect with any certainty that plaintiff served Haas, Naiman, or

7   Minton with process in this case.[2]

8            As a result, the undersigned entered the OSC referenced above.  The OSC

9   conveyed that in light of the apparent failure to serve certain defendants, the undersigned was

10  inclined to recommend the dismissal of the claims against Haas, Naiman, and Minton pursuant to

11  Federal Rule of Civil Procedure 4(m).  (OSC at 1-2.)  Additionally, the undersigned expressed a

12  further inclination to recommend the dismissal of the claims against Haas, Naiman, and Minton

13  with prejudice pursuant to Federal Rule of Civil Procedure 41(b) because of plaintiff's "failure to

14  prosecute, comply with the Federal Rules of Civil Procedure, and the court's Order Setting Status

15  Conference."[3]  (Id. at 2-3.)  The undersigned ordered plaintiff to "show cause, in writing, no later

16  than March 14, 2011, why his claims against defendants Tammy Haas, Randall Naiman, and

17  Minton Hometown Properties, Inc. should not be dismissed with prejudice pursuant to Federal

18  Rules of Civil Procedure 4(m) and 41(b)."  (Id. at 3.)  The undersigned further admonished

19

20        [1]  On January 27, 2010, the United States District Court for the District of Columbia
    transferred this action to this court.  (Order, Jan. 27, 2010, Dkt. No. 7.)

21

22        [2] The court's docket reflects that Naiman has not appeared in this action.  Although plaintiff
    previously filed an unsigned document entitled "Notice of Proofs of Service," which appends several
23  ambiguous certificates of service, plaintiff has taken no action to clarify whether defendants Naiman,
    Haas, or Minton were ever properly served.  On July 7, 2010, Haas and Minton appeared through
24  counsel and filed a status report that asserts that neither defendant has been served with the
    complaint or summons.  (See Status Report, Dkt. No. 13.)

25        [3]  The court previously warned plaintiff that similar failures would result in a
    recommendation that his case be dismissed.  (See Order to Show Cause, Aug. 24, 2010, Dkt.
26  No. 16.)

2

1  plaintiff that "[f]ailure to file the required writing within the time permitted shall constitute

2  plaintiff's consent to the dismissal of his case with prejudice." (Id.)

3          Plaintiff failed to file any response to the OSC.

4  II.    DISCUSSION

5          A.    Dismissal Pursuant to Federal Rule of Civil Procedure 4(m)

6          Plaintiff's claims against Haas, Naiman, and Minton are subject to dismissal

7  pursuant to Rule 4(m) because the time to serve these defendants expired long ago.  In relevant

8  part, Federal Rule of Civil Procedure 4(m) provides:

9              **(m) Time Limit for Service.**  If a defendant is not served within 120 days
               after the complaint is filed, the court--on motion or on its own after notice
10             to the plaintiff--must dismiss the action without prejudice against that
               defendant or order that service be made within a specified time.  But if the
11             plaintiff shows good cause for the failure, the court must extend the time
               for service for an appropriate period.
12

13  Well over 120 days have passed since the complaint was filed in this court.  Absent good cause

14  shown by plaintiff, the court must dismiss plaintiff's claims against Haas, Naiman, and Minton

15  pursuant to Rule 4(m).

16          Consistent with Rule 4(m), the undersigned provided plaintiff with: (1) notice of

17  the court's inclination to dismiss his claims pursuant to Rule 4(m); and (2) an opportunity to

18  show good cause for the failure to serve Haas, Naiman, and Minton.  (OSC at 2-3.)  Plaintiff filed

19  no response to the OSC and, accordingly, the undersigned recommends that plaintiff's claims

20  against Haas, Naiman, and Minton be dismissed.  Dismissal pursuant to Rule 4(m) would be

21  without prejudice.

22          B.    Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)

23          Plaintiff's claims against Haas, Naiman, and Minton are also subject to dismissal

24  with prejudice pursuant to Rule 41(b) as a result of plaintiff's failures to: prosecute his action,

25  comply with the Federal Rules of Civil Procedure, comply with the court's Order Setting Status

26  Conference, and respond to the OSC.  Indeed, by failing to file a response to the OSC, plaintiff

3

1   consented to the dismissal of his case with prejudice.  (<u>See</u> OSC at 3.)

2            Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

3   action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

4   failure to comply with the court's local rules, or failure to comply with the court's orders.[4]  <u>See</u>,

5   <u>e.g.</u>, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

6   *sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>

7   <u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

8   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

9   or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

10  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

11  may dismiss an action for failure to comply with any order of the court."), <u>cert. denied</u>, 506 U.S.

12  915 (1992); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

13  court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

14  amended petition), <u>cert. denied</u>, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

15  <u>See</u> E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

16  any order of the Court may be grounds for imposition by the Court of any and all sanctions

17  authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

18  Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

19  Procedure, the court's Local Rules, and other applicable law may support, among other things,

20  dismissal of that party's action).

21           A court must weigh five factors in determining whether to dismiss a case for

22  failure to prosecute, failure to comply with a court order, or failure to comply with a district

23  court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

24  _____

25       [4]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
    prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of prejudice
to the defendants; (4) the public policy favoring disposition of
cases on their merits; and (5) the availability of less drastic
alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

"[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors

weigh in favor of dismissal of this action.  Plaintiff's failure to serve the remaining parties in this

action with process and respond to the OSC, despite clear warnings of the consequences for such

failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously

prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The

public's interest in expeditious resolution of litigation always favors dismissal.").  Any further

time spent by the court on this case, which plaintiff has demonstrated a lack of any serious

intention to pursue, will consume scarce judicial resources and take away from other active cases.

See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage

their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers the risk of prejudice to a defendant,

favors dismissal.  Haas, Naiman, and Minton have been sued by a plaintiff who has demonstrated

no desire to pursue his claims against them.  It is prejudicial to these defendants to allow

plaintiff's claims to linger against them in perpetuity.

The fifth factor, which considers the availability of less drastic measures, also

supports dismissal of this action.  As noted above, the court has actually pursued remedies that

are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

1  actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

2  Malone v. Frank, 488 U.S. 819 (1988).  The court provided plaintiff with notice of its intent to

3  dismiss his case absent a showing of good cause for his failure to serve the remaining parties and

4  his failure to comply with the court's Order Setting Status Conference.  The court advised

5  plaintiff of the requirements of the Federal Rules of Civil Procedure and the court's orders, and

6  further advised plaintiff that he was required to comply with the rules of procedure and the

7  court's orders even though he is proceeding without counsel.  It also warned plaintiff in very

8  clear terms that failure to comply with the court's orders would result in a recommendation of

9  dismissal with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his

10  or her action on the merits will result in dismissal satisfies the requirement that the court consider

11  the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district

12  court's warning to a party that his failure to obey the court's order will result in dismissal can

13  satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At

14  this juncture, the court finds no suitable alternative to a recommendation for dismissal of this

15  action.

16         The court also recognizes the importance of giving due weight to the fourth factor,

17  which addresses the public policy favoring disposition of cases on the merits.  However, for the

18  reasons set forth above, factors one, two, three, and five strongly support a recommendation of

19  dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

20  proper "where at least four factors support dismissal or where at least three factors 'strongly'

21  support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

22  and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

23  outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

24  963 F.2d at 1263.  Additionally, plaintiff's non-responsiveness and inaction evidences his lack of

25  desire for the resolution of his case on the merits.

26  ////

6

III.     <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's claims against defendants Tammy Haas, Randall Naiman, and Minton Hometown Properties, Inc. ("Minton") be dismissed with prejudice.

2.     This case be closed and all dates vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  April 26, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE